| | | |
|---|---|---|
| STATE OF MINNESOTA | FILED<br>MINNEAPOLIS, MINN<br>2018 MAR -7 PM 12: 57<br>CITY CLERK<br>DEPARTMENT | DISTRICT COURT |
| COUNTY OF HENNEPIN | | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Brittni A. Gaines,<br><br>        Plaintiff, | **COMPLAINT WITH<br>JURY DEMAND** |
| vs. | |
| City of Minneapolis; and Officer Nathan Bauer, in his individual and official capacities, | Court File No:<br><br>Case Type: Other<br><br>Judge: |
|         Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution as well as Minnesota state law against the City of Minneapolis and Officer Nathan Bauer, in his individual and official capacities.

2. It is alleged that the Defendants made an unreasonable seizure of Plaintiff's person, violating her rights under the Fourth Amendment to the United States Constitution. It is also alleged that Defendants battered Plaintiff under Minnesota state law.

## VENUE

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

EXHIBIT 2

RECEIVED

MAR 7 2018

Mpls. City Attys. Office

EXHIBIT 2

## PARTIES

4. Plaintiff Brittni Gaines was at all material times a resident of the State of Minnesota and of full age.

5. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of Defendant Officer Bauer.

6. Defendant Officer Bauer was at all times relevant to this complaint duly appointed and acting officer of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

## FACTS

7. On September 23, 2017, at approximately 9:40 p.m., Plaintiff Brittni Gaines was in Uptown, Minneapolis, with a friend. Ms. Gaines and her friend were at the intersection of Hennepin Avenue and Lagoon Avenue, at the stoplight, with the intention of crossing Lagoon. At the same time, Defendant Officer Bauer and his partner were driving in their squad on Lagoon towards Hennepin. Officer Bauer was the passenger.

8. Ms. Gaines crossed Lagoon against a red light, and Officer Bauer saw this from the squad as he and his partner approached the intersection. The Officers then pulled over and Officer Bauer exited the squad and started to follow Ms. Gaines on foot. By this point, Ms. Gaines had already crossed the street and was walking down the sidewalk at a normal pace without causing any trouble or disturbance.

9. Officer Bauer approached Ms. Gaines from behind, suddenly grabbed her arms, quickly twisted her arms behind her back, and stated, "You're under arrest." Ms. Gaines was

EXHIBIT 2

confused and had no idea what was happening because she did not see Officer Bauer approaching from behind. Ms. Gaines, completely confused as to what was happening, stated, "Huh?" Officer Bauer, while holding Ms. Gaines' hands behind her back, responded, "Play stupid games, you get stupid prizes, that's what happens."

10. Ms. Gaines, still confused as to what was happening and with her hands behind her back, stated, "What do you mean?" Officer Bauer then suddenly became irate, yelled, "Stop," and slammed Ms. Gaines face down to the ground without any justification and using severe and excessive force. Ms. Gaines immediately collapsed face forward to the ground, with her face and head slamming directly on to the concrete sidewalk/curb.

11. There was absolutely no need or reason for Officer Bauer to take Ms. Gaines to the ground, and Officer Bauer could have continued to interact with Ms. Gaines in a standing position. Ms. Gaines made no attempts to flee from or fight Officer Bauer at any time. Office Bauer then got on top of Ms. Gaines and handcuffed her behind her back while she remained on the ground.

12. Officer Bauer could have easily handcuffed Ms. Gaines in a standing position, and Ms. Gaines did not do anything to justify being violently slammed face-first to the ground. In addition, police officers are specifically trained to take suspects down in a controlled manner and in a way that minimizes the risk of head/face trauma. Officer Bauer's takedown of Ms. Gaines was contrary to accepted police practices and training because he not only slammed Ms. Gaines down without justification, but he also failed to protect her head/face and took her down in a way that allowed her head and face to slam into the concrete sidewalk/curb. Finally, Officer Bauer's actions and use of force against Ms. Gaines violated Minneapolis Police Department policies and procedures.

EXHIBIT 2

13. Ms. Gaines suffered head/face trauma from hitting the concrete and was transported to HCMC by ambulance, where she was hospitalized overnight.

14. As a result of Officer Bauer's unnecessary and excessive use of force, Ms. Gaines suffered the following injuries and damages: physical pain, suffering, and discomfort; head and facial trauma; cuts, bruises, and abrasions of her head/face; permanent scarring of her head/face; emotional trauma, anguish, and distress; stress, fear, shame, humiliation, and embarrassment; medical expenses; and lost wages. Ms. Gaines seeks recovery of reasonable damages in an amount greater than $50,000.00.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICER BAUER

15. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

16. Based on the above factual allegations, Defendant Officer Bauer, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when he assaulted and slammed Plaintiff to the ground without justification.

17. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

18. Paragraphs 1 through 14 are incorporated herein by reference as though fully set forth.

19. Based on the above factual allegations, the Defendants battered Plaintiff. Specifically, Officer Bauer engaged in intentional, offensive, and unpermitted contact with Plaintiff when he slammed her to the ground without justification.

EXHIBIT 2

20. Defendant City of Minneapolis is vicariously liable to Plaintiff for Defendant Officer Bauer's battery.

21. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and battered her under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against Defendant Officer Bauer as to Count 1 of this Complaint pursuant to *Smith v. Wade*, 461 U.S. 30 (1983);

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: February 12, 2018         By: s/ Zorislav R. Leyderman
                                 ZORISLAV R. LEYDERMAN
                                 Attorney License No. 0391286
                                 Attorney for Plaintiff
                                 The Law Office of Zorislav R. Leyderman
                                 222 South 9th Street, Suite 1600
                                 Minneapolis, MN 55402
                                 Tel: (612) 876-6626
                                 Email: zrl@ZRLlaw.com

EXHIBIT 2