## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brittni A. Gaines, | |
| Plaintiff, | Civil Case No. 18-cv-838 (PAM/HB) |
| v. | STIPULATION FOR PROTECITVE ORDER |
| City of Minneapolis; and Officer Nathan Bauer, in his individual and official capacities, | |
| Defendants. | |

## STIPULATION FOR PROTECTIVE ORDER

WHEREAS, Defendants expect that Plaintiff will serve discovery seeking the production of information protected from disclosure under Minnesota law, and are willing to provide private data in discovery under a Protective Order in the form attached hereto from the Court.

1

WHEREAS, the parties are willing to provide certain private data or confidential documents in answer to discovery under a Protective order in the form attached hereto from the Court.

The parties stipulate that the court may enter the following protective order:

**1**    **Definitions.**  As used in this protective order:

(a)    "attorney" means an attorney who has appeared in this action;

(b)    "confidential document" means a document designated as confidential under this protective order;

(c)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d)    "document" means information disclosed or produced in discovery, including at a deposition;

(e)    "notice" or "notify" means written notice;

(f)    "party" means a party to this action; and

(g)    "protected document" means a document protected by a privilege, or the work-product doctrine.

2

(h)   "Criminal Investigative Data" is data collected and protected by

Minn. Stat. § 13.82, Subd. 7.

**2   Designating a Document or Deposition as Confidential.**

(a)   A party or non-party disclosing or producing a document may

designate it as confidential if the party or non-party contends that it

contains confidential or proprietary information.

(b)   A party or non-party may designate a document as confidential by

conspicuously marking each page with the word "confidential."

(c)   Deposition testimony may be designated as confidential:

(1)   on the record at the deposition; or

(2)   after the deposition, by promptly notifying the parties and

those who were present at the deposition.

(d)   If a witness is expected to testify as to confidential or proprietary

information, a party or non-party may request that the witness's

deposition be taken in the presence of only those persons entitled to

receive confidential documents.

**3   Who May Receive a Confidential Document.**

(a)   A confidential document may be used only in this action.

(b)   No person receiving a confidential document may reveal it, except

to:

3

(1)    the court and its staff;

(2)    an attorney or an attorney's partner, associate, or staff;

(3)    a person shown on the face of the confidential document to

have authored or received it;

(4)    a court reporter or videographer retained in connection with

this action;

(5)    a party (subject to paragraph 3(c)); and

(6)    any person who:

(A)    is retained to assist a party or attorney with this action;

and

(B)    signs a declaration that contains the person's name,

address, employer, and title, and that is in substantially

this form:

I have read, and agree to be bound by, the
protective order in the case captioned [case caption and
number] in the United States District Court for the
District of Minnesota. As soon as my work in
connection with that action has ended, but not later
than 30 days after the termination of that action
(including any appeals), I will return or destroy any
confidential document that I received, any copy of or
excerpt from a confidential document, and any notes or
other document that contains information from a
confidential document.

I declare under penalty of perjury that the
foregoing is true and correct.

4

(c)    A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

(d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

5.    **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6    **Use of a Confidential Document in Court.**

(a)    Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

(b)    Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing

5

or trial must promptly notify the other party or the non-party so that

the other party or the non-party may seek relief from the court.

**7    Changing a Confidential Document's Designation.**

(a)    Document disclosed or produced by a party.

A confidential document disclosed or produced by a party remains

confidential unless the parties agree to change its designation or the

court orders otherwise.

(b)    Document produced by a non-party.

A confidential document produced by a non-party remains

confidential unless the non-party agrees to change its designation or

the court orders otherwise after providing an opportunity for the

non-party to be heard.

(c)    Changing a designation by court order.

A party who cannot obtain agreement to change a designation may

move the court for an order changing the designation. If the motion

affects a document produced by a non-party then, with respect to

the motion, that non-party is entitled to the same notice and

opportunity to be heard as a party. The party or non-party who

designated a document as confidential must show that the

designation satisfies Fed. R. Civ. P. 26(c).

6

**8      Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this action (including any

        appeals), each party must:

        (1)     return or destroy all confidential documents; and

        (2)     notify the disclosing or producing party that it has returned or

                destroyed all confidential documents within the 60-day

                period.

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of

        any confidential document submitted to the court.

**9      Inadvertent Disclosure or Production to a Party of a Protected
        Document.**

(a)     Notice.

        (1)     A party or non-party who discovers that it has inadvertently

                disclosed or produced a protected document must promptly

                notify the receiving party and describe the basis of the claim

                of privilege or protection.  If the party or non-party provides

                such notice and description, the privilege or protection is not

                waived.

        (2)     A party who discovers that it may have received an

                inadvertently disclosed or produced protected document

7

must promptly notify the disclosing or producing party or

non-party.

(b)     Handling of Protected Document. A party who is notified or

discovers that it may have received a protected document must

comply with Fed. R. Civ. P. 26(b)(5)(B).

**10      Security Precautions and Data Breaches.**

(a)     Each party must make reasonable efforts to protect the

confidentiality of any confidential document disclosed or produced

to that party.

(b)     A party who learns of a breach of confidentiality must promptly

notify the disclosing or producing party of the scope and nature of

that breach and make reasonable efforts to remedy the breach.

**11      The following data is protected and, by this order, will only be produced as stated below.**

The following information is private personnel data of Defendant Nathan

Bauer, and City of Minneapolis employees that will not be produced in

this litigation:

home addresses, home telephone numbers, personal physical

identification data, drivers' license numbers, personal financial data,

medical and psychological data, dates of birth, Social Security

numbers, and any information relating to employees' family

members or familial relationships;

**12.     This Order does not render private, data that is public under applicable law.**

The designation of any document, information, or thing as

Confidential under this Order is for purposes of this Protective Order only,

and shall not be used for the purpose of interpretation of other legal or

substantive issues raised in this Action apart from the application of this

Order.  A designation under this Order shall not cause data or documents

that are public under Minn. Stat. Chapter 13 to become or be considered

private documents or data.

**13.     Survival of Obligations.**  The obligations imposed by this protective

order survive the termination of this action.

DATE:_____                       _____
                                            Magistrate Judge Hildy Bowbeer
                                            United States District Court
                                            District of Minnesota

*Gaines v. Bauer and Minneapolis*
18-CV-838 (PAM/HB)
STIPULATION FOR PROTECTIVE ORDER


Date: Nov. 14. 2018

THE LAW OFFICE OF
ZORISLAV R. LEYDERMAN
By


/s/ Zorislav R. Leyderman
Zorislav R. Leyderman (#0391286)
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
zrl@ZRLlaw.com
(612) 876-6626
*Attorney for Plaintiff Brittni Gaines*


Date:  Nov. 30, 2018

SUSAN L. SEGAL
City Attorney
By


*/s/ GregoryPSautter*
GREGORY P. SAUTTER (#326446)
BRIAN S. CARTER (#390613)
Assistant City Attorneys
Minneapolis City Attorney's Office
City Hall, Room 210
350 South Fifth Street
Minneapolis, MN  55415
(612) 673-2063
gregory.sautter@minneapolismn.gov
brian.carter@minneapolismn.gov


*Attorneys for Defendant City of
Minneapolis and Defendant Nathan
Bauer*

10